STATE OF MAINE                              SUPERIOR COURT
                                           CIVIL ACTION
KENNEBEC, ss.                              DOCKET NO. AP-07-26
                                           SKS - KI /I- ⅗/β ⁻ ⁻⁻

KEVIN TARDIFF,

        Petitioner

        v.                                 **DECISION ON APPEAL**

STATE OF MAINE,
DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

        Respondent


This matter comes before the court on the appeal of petitioner Kevin Tardiff

pursuant to M.R. Civ. P. 80C, from a decision of the Department of Health and Human

Services ("DHHS") concerning Tardiff's child support debt.

## Background

Petitioner Tardiff was previously married to Tanya Tardiff, and he and his wife

had a daughter, Tiffany. Pursuant to a divorce decree issued on October 25, 1996,

Tardiff was ordered to pay $28.50 a week in child support. Though the record is

unclear, it appears that Tardiff has been incarcerated since December of 1997. In 1998,

DHHS notified Tardiff that it was going to intercept his federal income tax return for

the tax year 1998 and apply the funds towards his outstanding child support

obligation.[1] Tardiff appealed the DHHS decision to the Superior Court with regard to

the amount owed, and by decision dated January 12, 2000, the court determined that his

debt is $1,710.

---

[1] Tardiff was involved in earlier actions contesting the amount of support he owed. Tardiff's child support obligations have been suspended as of December 23, 1997, due to his incarceration. The outstanding balance represents payments not made prior to his incarceration.

In 2006, DHHS again sent Tardiff notice that any income tax refunds he was due would be intercepted and offset against his outstanding child support obligation. Tardiff appealed this action and a hearing was held on January 4, 2007. Essentially, Tardiff is arguing that he has never received credit for the 1998 income tax refund intercept. However, there is no evidence that he ever filed a tax return in 1998 and DHHS has no record of ever receiving an intercept. Tardiff asserts that he talked to someone at DHHS (who he cannot name) who told him over the phone that DHHS had intercepted a tax refund but refused to tell him the dollar amount taken. Subsequent investigation during the administrative hearing provided no record of any payment or credit to Tardiff's account.

Tardiff also complains that the record is wrong concerning the party to whom he owes the child support. This issue, which was not raised at the administrative hearing, appears to be a non-issue resulting from a clerical error (since corrected) to the effect that he was liable for child support on behalf of "Tanya" instead of "Tiffany."

## Standard of Review

When the decision of an administrative agency is appealed pursuant to Rule 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Bd. of Examiners of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551, 555 (Me. 2000). The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the agency's decision. *Id.*

## Discussion

A review of the entire record indicates that the hearing officer of the Department was justified in finding that the petitioner still owes $1,710. The petitioner introduced no evidence before the Department other than his uncorroborated assertion concerning the telephone conversation with someone at DHHS regarding the 1998 tax refund offset. There was no evidence presented that the petitioner even filed a tax return for 1998 or, if he did, the amount of any refund to which he would have been entitled. The burden on this point is on the petitioner. Furthermore, the 2000 Superior Court review had already fixed his child support obligation at $1,710 and he was notified in September 1998 that the Department was going to intercept any tax refund. Any determination by the court in 2000 concerning the amount he owed would have taken into account any offset that he was allegedly entitled to at that time.

The petitioner also complains that the records of the Department are wrong concerning the person to whom he owes the child support. This issue was not raised during the administrative hearing and is technically irrelevant to the issue on appeal. However, the court's own review of the record makes it clear that the petitioner's apparent confusion is the result of a simple clerical error in one finding during the previous hearings, which was corrected later.

In summary, after a full review of the record and consideration of the arguments of both parties, the court finds no abuse of discretion, error of law or findings not supported by the evidence. The entry will be:

The Department's decision is AFFIRMED.

Dated: June _18_, 2007

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed _____3/1/07_____ _____Kennebec_____ Docket No. _____AP07-26_____

County

Action _____Petition for Review_____

80C

**J. STUDSTRUP**

Kevin C. Tardiff          vs.          Department of Human Services

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Kevin C. Tardiff, Pro Se<br>Maine State Prison<br>807 Cushing Road<br>Wareen, Maine 04864 | David A. Cloutier, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 3/1/07 | Petition for Judicial Review of Final Agency Action, filed   s/Tardiff, Pro S |
| 3/7/07 | Letter entering appearance, filed. s/Cloutier, AAG |
| 3/9/07 | Application to Proceed Without Payment of Fines, Indigency Affidavit, DOC Trust Account Statement, filed.  s/Tardiff, Pro Se |
| 3/9/07 | Letter from Plaintiff regarding acceptance of service with attachments, filed.  s/Tardiff, Pro Se |
| 3/19/07 | Certified Record, filed. s/Cloutier, AAG |
| ------- | ORDER, Studstrup, J.<br>It is ORDERED that: the filing fee is waived.<br>Copy to Kevin Tardiff, Pro Se |
| 3/20/07 | Notice of briefing schedule mailed to Pltf. and atty. |
| 4/18/07 | Filing of Brief, with attachments, filed 4/17/07.  s/Tardiff, Pro Se |
| 4/18/07 | Notification of Discovery Service, filed 4/17/07.  s/Tardiff, Pro Se<br>Copy of Brief, served on D. Cloutier, AAG on 4/12/07. |
| 5/8/07 | Respondent's Brief, filed 5/7/07.  s/Najarian, AAG |
| 5/16/07 | Petitioner's Reply Brief, filed.  s/Tardiff, Pro Se |
| 6/4/07 | Writ of Habeas Corpus issued. s/Studstrup, J.<br>Attested copies to KSO. |
| 6/7/07 | Oral arguments held with the Hon. Justice Kirk Studstrup, presiding.<br>Tape 754 Index 130-732<br>Kevin Tardiff, Pro Se Petitioner and Andrea Najarian, AAG<br>Oral arguments made to the court. Court to take matter under advisement.<br>REMANDING ORDER, Studstrup, J.<br>Attested copy given in hand to KSO |